**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109737

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRIS P. GOLDMANN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> DIVERSIFIED CONSULTANTS INC., <br><br> Defendant. | Docket No: <br><br> **COMPLAINT—CLASS ACTION** <br><br> JURY TRIAL DEMANDED |

CHRIS P. GOLDMANN, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against DIVERSIFIED CONSULTANTS INC. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.  This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.  Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Jacksonville, Florida.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by letter. ("Exhibit 1.")

14. Defendant's letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's letter violated the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
## Violation of 15 U.S.C. § 1692g
## Validation of Debts

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. The written notice must contain the amount of the debt. 15 U.S.C. § 1692g(a)(1).

19. Defendant's letter sets forth "Principal Balance: $219.62."

20. Defendant's letter sets forth "Collection Costs: $33.50."

21. Defendant's letter sets forth "Current Balance: $219.62."

22. The least sophisticated consumer would likely be unsure as to the amount of the debt.

23. The least sophisticated consumer would likely be uncertain as to the amount of the debt.

24. The least sophisticated consumer would likely be confused as to the amount of the debt.

25. The amount of the debt could be $219.62, or $253.12, or some other amount.

26. Defendant has violated § 1692g as it failed to accurately set forth the amount of the debt as required by §1692g(a)(1).

27. Defendant has violated § 1692g as it failed to clearly set forth the amount of the debt as required by §1692g(a)(1).

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

31. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

32. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

33. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

34. The least sophisticated consumer would likely be deceived by Defendant's conduct.

35. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

36. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

37. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the state of New York from whom Defendant attempted to collect a consumer debt using the same unlawful means described herein, from one year before the date of this Complaint to the present.

38. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

39. Defendant regularly engages in debt collection, using the same unlawful conduct described herein, in its attempts to collect delinquent consumer debts from other persons.

40. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using the same unlawful conduct described herein.

41. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

42. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

43. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

44. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

   a. Certify this action as a class action; and

   b. Appoint Plaintiff as Class Representative of the Class, and his attorneys as Class Counsel; and

   c. Find that Defendant's actions violate the FDCPA; and

   d. Grant statutory damages against Defendant pursuant to 15 U.S.C. § 1692k; and

   e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

   f. Grant Plaintiff's costs; together with

   g. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: January 13, 2016

        **BARSHAY SANDERS, PLLC**

        By: \_/s/ Craig B. Sanders_____
        BARSHAY SANDERS, PLLC
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 109737